## DESPIGNO v. STATE.
### 8 Div. 325.

Court of Appeals of Alabama.
March 24, 1931.

(133 So. 592)

**ARRINGTON v. STATE.**

**4 Div. 727.**

Court of Appeals of Alabama.

March 24, 1931.

R. L. Polk, of Sheffield, for appellant.

Thos. E. Knight, Jr., Atty. Gen., for the State.

BRICKEN, P. J.

An indictment to properly charge the offense complained of in this prosecution (larceny of trees, etc.) should follow the wording of the statute, or the Code form hereinafter referred to, and should contain the allegations that the accused (naming him) did knowingly, willfully, and without the consent of the owner, enter upon the land of another (naming the owner of the land), and cut and carry off therefrom (the alleged stolen property) with intent to convert the same to his own use, etc. The statutes, section 4905, as ·to grand larceny, and section 4908 of the Code 1923, as to petit larceny, each prescribe the foregoing as the constituent elements of the offense. See, also, Code, § 4556, form 64, par. 5. The indictment in this case, not being in conformity to the foregoing, was defective and insufficient and subject to the demurrers going directly to this point. The court erred in overruling the demurrer. This is conclusive of this appeal, and nothing more need be said; but we note the testimony adduced upon the trial was very vague and uncertain. No attempt was made to identify by the evidence the alleged injured party, and from our view-point the evidence on this question disclosed a marked variance between the allegation and the proof. There was some testimony as to the ownership of the property, but this evidence tended to show that the title thereto was in another and not in the person named in the indictment. This appellant under the evidence was entitled to be discharged.

Reversed and remanded.